Appellant, Gary J. Forgac, has filed with this court a two-page document in which he contends that he is entitled to be released from the Trumbull County Jail because the complaints against him in an underlying criminal proceeding should be dismissed. In the caption of his document, appellant refers to his submission as a complaint; however, our review of the various assertions in the document shows that it does not contain a clear statement indicating the type of pleading appellant intended the document to be.
Particularly, this court would note that, while appellant's use of the word "complaint" could be interpreted to mean that he intended to bring an original action for an extraordinary writ, his document does not contain a specific request for the issuance of a writ. On the other hand, even though the body of appellant's document expressly refers to an appeal from the trial proceedings in the Girard Municipal Court, he does not state whether a final appealable order has been rendered in the underlying proceeding.
After fully reviewing the document in question, this court holds that, regardless of whether appellant intended to file an appeal or an original action, the assertions in the document are insufficient to invoke our jurisdiction. First, we would note that, under Section 3(B)(2), ArticleIV of the Ohio Constitution, an appellate court cannot exercise jurisdiction over an appeal from a trial court until the latter court has rendered a "final order" in its proceeding. In his submission to this court, appellant has referred only to the issuance of three complaints against him. Therefore, because a final order in a criminal proceeding is not typically issued until the defendant has been tried, convicted, and sentenced on the underlying charges, appellant's assertions support the conclusion that, at this particular juncture, we would not have the authority to hear an appeal from any order in the underlying proceeding.
As was noted above, appellant's primary allegation is that his incarceration in the county jail is unlawful because the facts of the underlying case do not support the three charges against him. Given that appellant ultimately seeks his release from the jail, his document could be interpreted as an attempt to state a claim for a writ of habeas corpus. Of the five types of extraordinary writs over which this court can have original jurisdiction, an action in habeas corpus is the only one in which we could order a criminal defendant's release from prison. See State ex rel. Spaller v. Jackson (Apr. 20, 2001), Trumbull App. No. 2001-T-0039, unreported, 2001 Ohio App. LEXIS 1844.
However, in interpreting R.C. 2725.04(B), we have indicated that an application for a writ of habeas corpus must be brought against the jailor who is responsible for the defendant's present incarceration. Sellers v.State (Oct. 15, 1999), Trumbull App. No. 99-T-0117, unreported, 1999 Ohio App. LEXIS 4861. In the instant matter, appellant has named only "the State of Ohio" as a party to the case. On this basis alone, even if appellant was attempting to state a habeas corpus claim in his document, this case is subject to dismissal because he has failed to bring the case against the proper party.
In addition to the foregoing reason, dismissal of appellant's "complaint" is also warranted because the allegations in his document are insufficient to state a viable claim. As a general proposition, a criminal defendant cannot employ a habeas corpus action to challenge the legal propriety of an indictment or complaint because the defendant has an adequate legal remedy through a direct appeal from his conviction. SeeState ex rel. Smith v. Yost (Dec. 11, 1998), Ashtabula App. No. 98-A-0099, unreported, 1998 Ohio App. LEXIS 5978. This analysis would likewise apply to any question as to whether the state will ultimately be able to prove each element of the charged offenses; i.e., such a question cannot be raised in a habeas corpus action because this type of issue can be adequately addressed in a direct appeal from the final judgment in the underlying case.
Finally, as part of a supplemental pleading appellant submitted in support of his original "complaint," appellant asserts that he is in need of medical treatment as a result of injuries he suffered in the jail. As to this point, this court would note that this type of issue can be raised in a properly-framed motion before the trial court in the criminal proceeding. Thus, since appellant again has an adequate remedy at law, this issue does not assert a viable basis for the issuance of an extraordinary writ.
Pursuant to the foregoing discussion, this court concludes that, regardless of whether appellant intended to initiate an original action or an appeal, he has failed to properly invoke our jurisdiction. Accordingly, it is the sua sponte order of this court that the instant case is hereby dismissed.
JUDGE NADER
JUDGE GRENDELL